UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA LUCIO,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>STEMILT GROWERS, LLC, and STEMILT AG SERVICES, LLC,<br><br>　　　　　　　　Defendants. | NO: 1:15-CV-3082-TOR<br><br>ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS |

BEFORE THE COURT is the Stipulated Motion to Consolidate Plaintiff's Related Cases Against Defendants (ECF No. 42). This matter was submitted for consideration without oral argument. The Court—having reviewed the briefing, the record, and files therein—is fully informed.

**BACKGROUND**

This case concerns the alleged discrimination and retaliation Plaintiff suffered at her former workplace because of her age, sex, race, and/or national origin, and her efforts at raising awareness of discrimination in the workplace.

ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE
PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS ~ 1

1  Plaintiff commenced the instant action on February 24, 2015, asserting the
2  following claims: (1) deprivation of equal rights in violation of 42 U.S.C. § 1981;
3  (2) discrimination on the basis of race, gender, and national origin in violation of
4  Title VII, 42 U.S.C. § 2000e-2, and the Washington Law Against Discrimination
5  ("WLAD"), RCW ch. 49.60; (3) discrimination on the basis of age in violation of
6  the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the
7  WLAD, RCW ch. 49.60; (4) interference with her rights under the Family Medical
8  Leave Act, 29 U.S.C. § 2611; and (5) violation of the Equal Pay Act, 29 U.S.C.
9  § 206(d)(1). ECF No. 1.

10     At the time Plaintiff filed her Complaint, she awaited a response from the
11  Equal Employment Opportunity Commission ("EEOC") regarding a charge
12  Plaintiff filed with the EEOC asserting additional claims grounded on the same
13  facts at issue in this action. ECF No. 42 at 2; *see also* 2:16-CV-0303-TOR, ECF
14  No. 1 at 3. Following Plaintiff's receipt of the EEOC's right-to-sue letter on May
15  31, 2016, Plaintiff initiated a second action in this Court styled, *Patricia Lucio v.*
16  *Stemilt Growers, LLC, et al.*, case no. 2:16-CV-00303-TOR. *Id.*

17     Specifically, Plaintiff filed the second action on August 23, 2016, asserting
18  the following claims: (1) deprivation of rights secured through 42 U.S.C. § 2000(e)
19  (sic) ("Title VII"); (2) discrimination on the basis of age in violation of the ADEA,
20  29 U.S.C. § 623; and (3) discrimination on the basis of disability in violation of the

ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE
PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS ~ 2

Americans with Disabilities Act of 1990, as amended, 42 USC § 12101.  2:16-CV-0303-TOR, ECF No. 1.

In the instant stipulated motion, the parties assert that the factual allegations giving rise to the claims in the second action (2:16-CV-0303-TOR) are the same facts alleged in this action, and the new causes of action parallel the existing claims.[1] ECF No. 42 at 2. Accordingly, the parties stipulate to the consolidation of case no. 1:15-CV-3082-TOR with case no. 2:16-CV-0303-TOR, and simultaneously request leave for Plaintiff to file an amended complaint to reflect the consolidated claims. *Id.*

## DISCUSSION

**A. Case Consolidation**

Under Federal Rule of Civil Procedure 42(a), which governs consolidation, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this

---

[1] The Court recognizes that Defendants expressly reserve their right to challenge the merits and procedural adequacy of any additional claims. *Id.*

ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE
PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS ~ 3

1   rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S.*

2   *Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

3       In determining whether to consolidate cases, the court should "weigh the

4   interest of judicial convenience against the potential for delay, confusion and

5   prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal.

6   2010).

7       The Court finds that consolidation of the two cases is appropriate. The

8   factual allegations in each complaint are founded upon the same allegations of

9   discrimination and retaliation Plaintiff suffered at her former workplace. *Compare*

10  1:15-CV-3082-TOR, ECF No. 1 at 2-8, *with* 2:16-CV-0303-TOR, ECF No. 1 at 3-

11  9. The Court determines that consolidation will reduce delay and confusion

12  without prejudicing the parties. Consolidation of the cases will also allow the

13  Court to hear all dispositive motions in conjunction, expediting their resolution.

14  Finally, consolidation presents no conflicts of interest, and resolution of the cases

15  together will ensure consistency in the findings and conclusions of the Court.

16  Accordingly, the parties stipulated request for consolidation is granted.

17  //

18  //

19  //

20  //

ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE
PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS ~ 4

**B. Leave to Amend Plaintiff's Complaint**

The parties request that the Court grant leave for Plaintiff to file her First Amended Complaint to Consolidate Claims. *See* ECF Nos. 42 at 2 and 42-1. The Court previously entered a Jury Trial Scheduling Order in this action on September 10, 2015, setting the deadline of February 29, 2016, for motions to amend pleadings, ECF No. 20 at 2. However, all parties stipulate in writing to Plaintiff's request for leave to amend.  ECF No. 42.

Rule 15(a) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  When granting a motion for leave to amend that arises after a scheduling order deadline has expired, the Court must also address Rule 16, which provides that "[a] schedule [pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  When determining whether the party has demonstrated good cause, the court "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes).

ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE
PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS ~ 5

The Court grants the parties' stipulated request to allow Plaintiff to file a First Amended Complaint to Consolidate Claims. Pursuant to Rule 15(a), the parties have consented in writing to Plaintiff's request for leave to amend, ECF No. 42. Pursuant to Rule 16(b), the Court finds that Plaintiff has demonstrated good cause to extend the Scheduling Order deadline. The parties moved for leave to amend following the filing of the second action. Plaintiff could not have reasonably met this Court's deadline to amend in this case as the event giving rise to the parties' stipulated motion occurred after the motion to amend deadline identified in the Scheduling Order had passed. That is, Plaintiff received the EEOC's right-to-sue letter on May 31, 2016, and promptly initiated a second action in this Court thereafter on August 23, 2016, styled as, *Patricia Lucio v. Stemilt Growers, LLC, et al.*, case no. 2:16-CV-0303-TOR. ECF No. 42 at 2; *see also* 2:16-CV-0303-TOR, ECF No. 1. Allowing amendment permits efficient and expeditious resolution of all potential rights and obligations of the parties. Accordingly, this Court grants the parties' stipulated motion for leave to amend.

**ACCORDINGLY, IT IS ORDERED:**

1. Stipulated Motion to Consolidate Plaintiff's Related Cases Against Defendants (1:15-CV-3082-TOR, ECF No. 42) is **GRANTED**.

2. The cases, *Patricia Lucio v. Stemilt Growers, LLC, et al.*, case no. 1:15-CV-3082-TOR, and *Patricia Lucio v. Stemilt Growers, LLC, et al.*, case

no. 2:16-CV-0303-TOR, are **CONSOLIDATED** as 1:15-CV-3082-TOR. No further filings shall be made in 2:16-CV-0303-TOR, which file shall be administratively closed. All pleadings therein maintain their legal relevance. Any further pleadings received by the Clerk of Court for case number 2:16-CV-0303-TOR shall be filed in this consolidated case, case number 1:15-CV-3082-TOR.

3. Plaintiff is directed to promptly file her First Amended Complaint to Consolidate Claims.

4. The Amended Jury Trial Scheduling Order entered on June 30, 2016, remains in effect for consolidated case number 1:15-CV-3082-TOR.

5. The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and administratively **CLOSE** 2:16-CV-0303-TOR.

6. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** September 2, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING STIPULATED MOTION TO CONSOLIDATE PLAINTIFF'S RELATED CASES AGAINST DEFENDANTS ~ 7